UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORINE HATCHER,

        Plaintiff,

v.

HEGIRA PROGRAMS, INC.,

        Defendant.
_____/

Case No. 19-cv-11720

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (ECF NO. 3)

In this action, Plaintiff Dorine Hatcher asserts claims against her former employer, Defendant Hegira Programs, Inc. a/k/a Hegira Health Inc. ("Hegira"), under Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act. Plaintiff claims that Hegira discriminated against her because it refused to promote her and/or terminated her based on her race (African American) or gender. Defendant now moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The matter is fully briefed and the Court held a hearing on March 5, 2020. For the reasons that follow, the Court GRANTS Defendant's Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff's Complaint

The "Background Facts" alleged in Plaintiff's Complaint are rather sparse. Plaintiff alleges that she began her employment with Defendant on or about March 5, 2018. (ECF No. 1, Complaint ("Compl."), ¶ 8.) Her job performance was "exemplary" and she was "promoted to the position of Office Manager." (*Id.* ¶ 10.) Plaintiff "held the position of Engagement Specialist" at the time her employment was terminated on February 11, 2019. (*Id.* ¶¶ 10, 13.) She claims that, "[d]espite her excellent performance," Defendant created a "hostile environment for Plaintiff based on her race" and, "upon information and belief," she was "passed up for promotion by her Caucasian administrator based on her race." (*Id.* ¶ 11.) Plaintiff received a negative performance evaluation and immediately complained to the director of Human Resources. (*Id.* ¶ 12.) She was discharged shortly thereafter, on February 11, 2019. (*Id.* ¶¶ 12-13.)

Plaintiff asserts discrimination claims against Defendant under Title VII of the Civil Rights Act of 1964 (Compl., Count I, ¶¶ 14-23) and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA") (Compl., Count II, ¶¶ 24-32), broadly asserting discrimination "on the basis of sex/gender/disability/race[.]"[1] Plaintiff similarly

---

[1] Although Plaintiff's Complaint broadly alleges discrimination "on the basis of sex/gender/disability/race" in Counts I and II, Plaintiff only alleges that she was not promoted "due in part to her race" or "based on her race" (Compl. ¶¶ 2, 11), and the

asserts in each Count that as an African American woman she is a member of a protected class and that Defendant's treatment of her was "based, at least in part, on the unlawful consideration of her sex/gender/disability/race." (*Id.* ¶¶ 16, 18, 26, 27.) She claims that Defendant representatives "were predisposed to discriminate on the basis of sex/gender/disability/race and acted in accordance with that predisposition" and "treated similarly situated employees more favorably than Plaintiff." (*Id.* ¶¶ 19, 20, 28, 29.) Plaintiff alleges that Defendant "created a hostile and degrading environment towards African American employees, based, at least in part, on her race." (*Id.* ¶¶ 21, 29.) She seeks compensatory, exemplary and punitive damages, along with costs and reasonable attorney fees, and also seeks reinstatement "to the position she would have held had there been no wrongdoing by Defendant" and other injunctive relief. (*Id.*, Relief Requested, PgID 6.)

---

Complaint is void of any allegations remotely alleging sex or disability discrimination.

Further, in the opening paragraph of Plaintiff's Complaint, she asserts, in addition to her Title VII and Michigan ELCRA claims, that "[t]his is an action for violation of the section 42 U.S.C. Section 1983 [and] 42 U.S.C. Section 3617." (Compl. ¶ 1.) However, Plaintiff's Complaint does not otherwise mention these two statutory sections. *See id.* Defendant argues at the end of its motion that "in the event Plaintiff intended to assert a claim under 42 U.S.C. § 1983, the Complaint fails to include allegations that would support such a claim." (Def.'s Mot. at 9, PgID 21.) Plaintiff failed to address this argument in her response. Accordingly, any claims under 42 U.S.C. §§ 1983 or 3617 are waived.

### B. Defendant's Motion to Dismiss

Plaintiff filed her Complaint on June 10, 2019. (Compl.) On September 24, 2019, Defendant filed its Motion to Dismiss, requesting dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 3, Defs.' Mot.) Defendant argues that Plaintiff's Complaint fails to allege facts that plausibly support a discrimination claim under Title VII or the Michigan ELCRA. Defendant asserts that Plaintiff "simply pleads her own race and gender, that she allegedly did a good job, that she was given a bad evaluation and ultimately fired as a result of her race and gender," but that she fails to plead any fact establishing a plausible claim of discrimination based on her race, gender, or any other protected classification. (*Id.* at 8-9, PgID 20-21.)

Plaintiff filed her response brief on January 22, 2020, over three months *after* the date the response was due (on October 15, 2019). (ECF No. 6, Pl.'s Resp.)[2] Plaintiff failed to offer any excuse or reason for her late response. Instead, she primarily contends that she is not required to plead facts sufficient to establish a prima facie case of discrimination at the pleading stage, citing *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), and conclusorily asserts that her allegations in her complaint "are sufficient to set forth a claim of discrimination based on her race."

---

[2] The Court issued a Notice of Hearing on October 2, 2019, shortly after Defendant's motion to dismiss was filed, setting the hearing date for February 13, 2020. (ECF No. 5.) However, that hearing date was re-set to March 5, 2020 after Plaintiff's late response was filed, so that Defendant would have an opportunity to file a reply brief. (ECF No. 7.)

(*Id.* at 7, PgID 72.) She contends that it can be reasonably inferred from her Complaint "that she, an African American woman was not offered a promotion for a position she was qualified for, and when she complained to the director of human resources, regarding the discrimination, she received a write-up and subsequent termination rather than assistance." (*Id.* at 8, PgID 73.) She argues that challenges to her claim "should be dealt with at the summary judgment phase" after the parties have had an opportunity to engage in discovery. (*Id.*)

On February 14, 2020, Defendant timely filed its reply brief, arguing in part that Plaintiff's inexcusably late response brief should be stricken. (ECF No. 78, Def.'s Reply at 1, PgID 78.) Defendant also agrees that *Swierkiewicz* does not require a plaintiff to establish a prima facie case of discrimination in the complaint, but argues that Plaintiff's Complaint fails to plead sufficient facts to "'nudge[] [her] claims across the line from conceivable to plausible.'" (*Id.* at 2, PgID 79, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) Defendant also points out that Plaintiff wholly fails to address the Sixth Circuit case law cited in its opening brief dismissing complaints similar to Plaintiff's Complaint here, and that she is not entitled to take discovery without first plausibly pleading a claim. (*Id.* at 2-3, PgID 79-80.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal citations and quotation marks omitted). In other words, a plaintiff must provide more than a "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The Sixth Circuit has explained that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it

plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (internal quotation marks and citations omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. . . . [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."); *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and

plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F.Supp.2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

### III. ANALYSIS

Defendant argues that Plaintiff's Complaint fails to allege facts that plausibly support a discrimination claim. Plaintiff alleges violations of both Title VII and the Michigan ELCRA. (Compl.) "The standard that governs Title VII cases and that governs Michigan's Civil Rights Act [cases] are the same." *Young v. CSL Plasma Inc.*, No. 15-cv-10080, 2016 WL 1259103, at *2 (E.D. Mich. Mar. 31, 2016). Accordingly, the Court can analyze both federal and state racial discrimination claims together. *Id.* (citation omitted). Defendant contends that Plaintiff simply pleads her own race and gender, that she did a good job, that she was given a bad evaluation and ultimately fired as a result of her race and gender, but she pleads no *facts* establishing a plausible claim that her termination, or any other adverse employment action, was based on her race or gender. (Def.'s Mot. at 8-9, PgID 20-21.)

As Defendant correctly argued in its motion, the Sixth Circuit addressed a similar discrimination claim in *Sam Han v. University of Dayton*, 541 F. App'x 622 (6th Cir. 2013), and affirmed dismissal of the complaint for its failure to meet Rule 12(b)(6)'s pleading requirements set forth in *Twombly* and *Iqbal*. The plaintiff in *Han*, an Asian-American non-tenured professor, pleaded that he was good at his job but received a poor evaluation by an evaluation committee, and that based on that poor evaluation his contract with the University was not renewed. *Han*, 541 F. App'x at 625. Han asserted that he was qualified for his position and that a white male was hired as an adjunct professor to teach one of his classes, and pleaded that his employment was terminated as a result of race and gender discrimination. *Id.* In affirming dismissal of the plaintiff's complaint, the *Han* Court stated:

> Certainly, Plaintiff pleads his own race and gender, and alleges that, as a result of his race and gender, he was given a bad evaluation by the PRT committee and then ultimately fired. However, Plaintiff alleges no set of facts, beyond these bare and conclusory assertions, from which a reasonable person could infer how his race or gender factored into the University's decisions regarding his employment or caused him to lose his job, as opposed to any other, non-discriminatory basis for decisions regarding his employment. The Court is left to infer that the University's decision-making regarding Plaintiff's employment was discriminatory simply based on the fact that he is a man, or that he is Asian-American.

*Id.* at 626-27. The Court noted that it "is not required to accept inferences drawn by Plaintiff if those inferences are unsupported by the facts alleged in the complaint," and that the plaintiff's allegations "that simply because he was good at his job and

was an Asian-American male, he is entitled to a reasonable inference of race and gender discrimination after the University failed to renew his contract" "simply lack the factual bases necessary to show entitlement to relief for race and gender discrimination." *Id.* at 627.

As Defendant further explained, a number of district courts within the Sixth Circuit, citing *Han*, have similarly dismissed pleadings for lack of adequate factual allegations allowing an inference of discrimination. (Def.'s Mot. at 7-8, PgID 19-20, citing *Haygood v. Gen. Motors, LLC*, No. 18-10375, 2018 WL 3329574, at *4 (E.D. Mich. July 6, 2018) ("The Sixth Circuit [in *Han*] made clear that even at the motion-to-dismiss stage, a plaintiff must provide more than just conclusory statements of discriminatory intent"); *Ayer v. Cmty. Mercy Health Partners*, No. 3:18-cv-00327, 2019 WL 1902520, at *3 (S.D. Ohio Apr. 29, 2019) ("Here, as in *Han*, Ayer's fifth and sixth claims are 'devoid of facts that would allow the Court to draw' the necessary 'reasonable inference that [SRMC] discriminated against [Ayer] with respect to' her age or gender. . . . Ayer's 'allegations simply lack the factual bases necessary to show entitlement to relief for' age and gender discrimination. The Amended Complaint 'patently lacks facts that connect the dots between [her] termination and [her] age' or gender"); *Gutterman v. SourceHov Healthcare, Inc.*, No. 3:15CV-00093, 2016 WL 427921, at *3 (W.D. Ky. Feb. 3, 2016) ("Without additional factual detail, just as in *Han*, Gutterman's allegations are essentially

recitations of the elements of an age discrimination claim and are simply not enough to survive a motion to dismiss")).

Plaintiff wholly failed to address the case law cited by Defendant and instead primarily argued in response that she is not required to plead facts sufficient to establish a prima facie case of discrimination in order to survive a motion to dismiss. (Pl.'s Resp. at 6-8, PgID 71-73.) She contends that the reason she was not offered the promotion "must be fleshed out through the discovery process" and that "[r]easonable inferences which can be drawn from [Plaintiff's] complaint is that she, an African American woman was not offered a promotion for a position she was qualified for, and when she complained to the director of human resources, regarding the discrimination, she received a write-up and subsequent termination rather than assistance." (*Id.* at 8, PgID 73.) She concludes that "[i]t is premature at the pleading stage to dismiss Plaintiff's cause of action." (*Id.* at 9, PgID 74.)

However, as Defendant properly stated in its reply brief, it does not argue that Plaintiff is required to establish a *McDonnell Douglass* prima facie case of discrimination in the complaint, but rather that Plaintiff's Complaint fails to satisfy federal pleadings standards under *Twombly* and *Iqbal*. (Def.'s Reply at 1-2, PgID 78-79.) The Sixth Circuit explained in *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608 (6th Cir. 2012) that while "the prima facie case operates as a flexible evidentiary standard,"

> Nevertheless, broad and conclusory allegations of discrimination cannot be the basis of a complaint and a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims. Indeed, our Circuit has made clear that "a legal conclusion couched as a factual allegation" need not be accepted as true on a motion to dismiss, and that a recitation of the elements of the cause of action is insufficient to state a claim for relief.

*HDC*, 675 F.3d at 614 (internal and end citations omitted). *See also Smith v. Wrigley Mfg. Co.*, 749 F. App'x 446, 448 (6th Cir. 2018) ("*Swierkiewicz* addressed pleading thresholds applicable to survive a motion to dismiss; it 'did not change the law of pleading.' As such, it offers no gateway for a plaintiff to sidestep the 'plausibility' standard laid out in *Twombly* and *Iqbal*.") (internal and end citations omitted); *Downs v. Bel Brands USA, Inc.*, 613 F. App'x 515, 519 (6th Cir. 2015) (explaining that "[a]lthough a plaintiff need not establish a prima facie case of discrimination to survive a motion to dismiss, he must plead 'more than an unadorned the-defendant-unlawfully-harmed-me accusation.'") (internal and end citations omitted).

Courts have consistently found that "conclusory" and "threadbare" allegations like those in the Complaint in this case fail to survive a motion to dismiss. In addition to the cases cited by Defendant in its motion – *Sam Han*, 541 F. App'x at 626-27; *Haygood*, 2018 WL 3329574, at *4; *Ayer*, 2019 WL 1902520, at *3; *Gutterman*, 2016 WL 427921, at *3 – in *Downs v. Bel Brands USA, Inc.*, the Sixth Circuit affirmed the dismissal of plaintiff's age discrimination claim (in violation of Kentucky law), finding that plaintiff's allegations that he began to work in 1975, that

12

five months prior to his termination defendant offered "many older employees" the opportunity for early retirement and a buyout package, and that other older employees were "discharged for questionable reasons," failed to support his age discrimination claim. *Id.* at 518-19. The Court explained that plaintiff's "broad and conclusory allegations of discrimination" cannot form the basis of his complaint, and that he has provided no facts supporting his claims regarding other individuals, including their ages, why they were terminated or who replaced them. *Id.* at 519.

In *Smith v. Wrigley Manufacturing Company*, the Sixth Circuit held that plaintiff's allegations that she was terminated because of her age and that the defendant's treatment of her was inconsistent with its prior treatment of her and inconsistent with the way it treated other employees, were insufficient to survive a motion to dismiss because plaintiff "offered no names, ages or qualifications of the younger employees who were treated differently, or any examples of how their treatment differed," and "[w]ithout additional facts, the court cannot infer that Wrigley fired Smith because of her age." *Id.* at 448.

Similarly, in *Anderson v. Kroger Company of Michigan*, No. 15-12253, 2015 WL 7075948 (E.D. Mich. Nov. 13, 2015), this Court found that the plaintiff's "bare and conclusory statements" regarding defendant's discriminatory actions, including that plaintiff is an African-American woman who was qualified for her position but was terminated and that defendants did not treat other, non-African-American

13

employees in the same manner, failed to sufficiently allege a claim for discrimination. *Id.* at *8. "Plaintiff failed to allege the race of any person mentioned in her Amended Complaint beyond herself, failed to set forth any facts indicating the identity or position of any similarly situated non-African-American person being treated differently than she, and failed to allege any act that could be construed as demonstrating racial animus on behalf of" the defendant. *Id.*

Plaintiff's Complaint similarly fails to provide factual content that allows the Court to infer that race or gender was behind any adverse employment action. There are no direct or indirect factual allegations that support her claims, and "[t]he Court is left to infer that the [Defendant's] decision-making regarding Plaintiff's employment was discriminatory simply based on the fact that [s]he is a [woman], or that [s]he is [African-American]." *See Sam Han*, 541 F. App'x at 627. When asked at the hearing whether Plaintiff was replaced by a non-African American employee, Plaintiff's counsel could not say. Plaintiff instead summarily alleges that Defendant "created a hostile environment for Plaintiff based on her race" and, "[u]pon information and belief, [she] was passed up for promotion by her Caucasian administrator based on her race." (Compl. ¶ 11.) Similarly, she conclusionally alleges that "Defendant's treatment of [her] … was based, at least in part, on the unlawful consideration of her sex/gender/disability/race," that "Defendant's harassment, and termination of Plaintiff … were based, at least in part, on the

unlawful consideration of her sex/gender/disability/race," and that "Defendant … was predisposed to discriminate on the basis of sex/gender/disability/race and acted in accordance with that disposition." (*Id.* ¶¶ 18, 19, 27, 28.) These assertions are conclusions, not statements of facts that leads one to plausibly believe Plaintiff's conclusion that she was subjected to discriminatory actions. Aside from Plaintiff's conclusory allegations that she was discriminated against on the basis of race or gender, there are no factual allegations that support her contentions, and Plaintiff's subjective belief that she was not promoted, or was terminated, as a result of her race or gender are insufficient to sustain her claim. Given the lack of any facts in the Complaint that could raise a reasonable inference that Defendant treated Plaintiff differently based on her race or gender, Plaintiff fails to state a plausible claim of discrimination under Title VII or the Michigan ELCRA. Accordingly, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 3) is **GRANTED** and Plaintiff's Complaint is **DISMISSED.** IT IS SO ORDERED.

                                    s/Paul D. Borman  
                                    PAUL D. BORMAN  
                                    UNITED STATES DISTRICT JUDGE

Dated: March 6, 2020